UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH RACKEMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00232-JRS-DLP |
| | ) | |
| REGINA ROBINSON; DR. SAMUEL J. BYRD; | ) | |
| KIM HOBSON; DR. BHANAT DAVE; | ) | |
| DR. MARY CHAVEZ; | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Defendant Dr. Bhanat Dave's
Motion for Summary Judgment**

Indiana prison inmate Kenneth Rackemann filed this lawsuit on May 16, 2018, seeking damages against the defendants for deliberate indifference to his serious medical needs. Mr. Rackemann asserts his claims under the Eighth Amendment pursuant to 42 U.S.C. § 1983. Defendant Dr. Bhanat Dave is a Terre Haute physician in private practice who sometimes treats prisoners at the Terre Haute hospital. Asserting, among other things, that he is not a state actor, he seeks summary judgment on that basis. Dkt. 40. For the reasons that follow, the Court holds that Dr. Dave is not a state actor and therefore not liable under § 1983. His motion for summary judgment is **granted** and the amended complaint against him is **dismissed with prejudice**.

**I. Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a

properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the Court may not "assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence." *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

## II. Facts of the Case

The following statement of facts was evaluated and formed pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and any disputed evidence are presented in a light most reasonably favorable to Mr. Rackemann as the non-moving party with respect to Dr. Dave's motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). In his response to Dr. Dave's motion, Mr. Rackemann did not address most of Dr. Dave's statements of undisputed fact. When Mr. Rackemann argues facts contrary to Dr. Dave's statement of facts, the Court will note the disagreement if it is material. Otherwise, Dr. Dave's statements of undisputed fact are accepted as true where Mr. Rackemann has not contested them and provided relevant evidence for his assertions. *See* Fed. R. Civ. P. 56(e)(2).

At all times material to this lawsuit, Mr. Rackemann was an Indiana prison inmate incarcerated at the Wabash Valley Correctional Facility (WVCF). Dkt. 10 (Amended Complaint). Dr. Dave is a physician and urologist employed by HCA Physician Services, Inc. Dkt. 40-2, ¶ 5 (Affidavit of Dr. Dave). He is not an employee of Terre Haute Regional Hospital. *Id.* Dr. Dave is not an employee of the State of Indiana and does not have a contract with any government entity to provide medical services to prisoners. *Id.*, ¶¶ 5 & 20. Because of Terre Haute's proximity to several prisons, Dr. Dave occasionally treats prisoners, but they make up less than 1% of his practice. *Id.*, ¶ 21. HCA Physician Services, Inc., did not have a contract with any government entity to provide medical services to prisoners. *Id.*, ¶ 24.

Mr. Rackemann was brought to the Terre Haute Regional Hospital emergency department on December 3, 2016, complaining of pain in his left flank. Dkt. 40-2, ¶ 7. He was seen in the emergency department and treated for kidney stones by Dr. Dave. *Id.* Follow-up visits with Dr. Dave occurred on January 13, 2017, April 13, 2017, and June 1, 2017, at the Terre Haute hospital. *Id.*, ¶¶ 10-15.

### III. Discussion

Mr. Rackemann alleges that Dr. Dave is a state actor liable to him under § 1983 for violating his Eighth Amendment rights by being deliberately indifferent and negligent to Mr. Rackemann's serious medical needs. *Id.* Negligence is not a viable claim under § 1983 and Mr. Rackemann did not assert a state law claim of negligence. *Id.*; *see also* dkt. 11. The Court's screening order of August 14, 2018, identified only Eighth Amendment claims in Mr. Rackemann's amended complaint and ordered that they would proceed. Dkt. 11. Mr. Rackemann was allowed time to notify the Court of any overlooked claims, but he did not identify any. Additionally, the pretrial schedule entered November 6, 2018, provided a deadline

3

for the parties to amend their pleadings, *see* dkt. 39, but Mr. Rackemann did not further amend his amended complaint. Thus the Court is concerned here solely with whether Dr. Dave may be liable to Mr. Rackemann under Eighth Amendment claim and pursuant to § 1983.[1]

To state a claim for relief under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law – a so-called "state actor." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). "State actors" can be very generally defined as government employees or those acting on the government's behalf. *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 923–24 (1982). However, "[p]rivate facilities and their employees do not engage in state action by virtue of their participation in [a state legal] process." *de Vryer v. Maryville Acad.*, 544 F. App'x 653, 654 (7th Cir. 2013). This is true even though those private actors use state-law procedures to initiate and pursue the state process. *Spencer v. Lee*, 864 F.2d 1376, 1377 (7th Cir. 1989).

Whether a non-government employee can be deemed a state actor is a very fact specific and fluid inquiry. *See West v. Atkins*, 487 U.S. 42 (1988). In the medical provider context, courts consider factors such as whether the provider has a contract with the state, where the services are performed, the degree of autonomy the provider enjoys in administering the services, and how the

---

[1] In his response to Dr. Dave's motion for summary judgment, Mr. Rackemann writes that his claims are also brought pursuant to Indiana state law. Dkt. 59, pp. 5-6. That is not true. As noted, Mr. Rackemann's amended complaint was clear that his claims were brought under § 1983 for the violation of his Eighth Amendment rights. Dkt. 10. Mr. Rackemann cannot now, after the time for amending complaints has passed, and discovery has been closed for eight months, add a new claim to his lawsuit by asserting it in his response to a dispositive motion. *See Zeidler v. A & W Restaurants, Inc.*, 219 F. App'x 495, 499 (7th Cir. 2007) ("'it is too late in the day to be adding new claims'" at the summary judgment stage) (quoting *Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997)). Anyway, the Court would not choose to retain supplemental jurisdiction here.

provider is paid. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009) (citing *West*, 487 U.S. at 55-56).

Additionally, "private organizations and their employees that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons." *Rodriguez*, 577 F.3d at 827; *accord Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 797-98 (7th Cir. 2014).

In *Shields*, a medical services company (Wexford) that contracted with the state referred Shields to two outside doctors for treatment. *Id.* at 798. These doctors were not found to be state actors even though they accepted referrals from Wexford because "their relationship with Wexford was . . . too attenuated to support the conclusion that they were acting under color of state law." *Id.*

In this case, Mr. Rackemann provides no evidence that Dr. Dave or his employer had a contract with the state or the prison, or that their practices focused on treating inmates, or that inmates constituted a notable percentage of their clients. Standing alone, merely having treated inmates at other times does not establish the kind of close relationship between the doctor and the state required to find that the doctors are state actors. The summary judgment record here shows that Dr. Dave had only an incidental and transitory relationship with Mr. Rackemann. *See id.* He was not an employee of the hospital, the prison, or the state, and did not have contracts to provide services to prisoners. There is no evidence that Dr. Dave reported to Wexford or the prison, that he took direction from either, or that he followed any Wexford or prison guidelines. *Id.* The *West* and *Rodriguez* frameworks lead this Court to the conclusion that Dr. Dave is not a state actor.

Mr. Rackemann argues that Terre Haute Regional Hospital has a contract with the Indiana Department of Correction and two of its medical service provider companies. Dkt. 69, p. 2. In this regard, he asserts that Dr. Dave is employed with HCA Physician Services, Inc., "to provide care at Terre Haute Regional Hospital for male and female prison[ers] based on [that] contract." *Id.* But Mr. Rackemann provides no evidence of such a contract or relationship. He incorporates his affidavit of facts into his response, but nothing in the affidavit section of his response refers to any purported contract. *See* dkt. 59, pp. 9-12. There is no evidence in the record to support Mr. Rackemann's inference that Dr. Dave is in some way contractually connected with the State of Indiana or is employed to provide care to prisoners.

Summary judgment is often described as the "put up or shut up" moment in a lawsuit. *See, e.g., Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017). Here, Mr. Rackemann has failed to "put up" evidence to sustain his assertion that Dr. Dave, in providing medical care to him, was doing so as a state actor. Because there is no evidence that Dr. Dave was a state actor, he cannot be liable under § 1983.

### IV. Conclusion

There is no evidence in the record to indicate that defendant Dr. Bhanat Dave was a state actor when he provided medical services to Mr. Rackemann. Dr. Dave's motion for summary judgment, dkt. [40], is **granted**. The claims against Dr. Dave are **dismissed** with prejudice. Because four other defendants remain in this action, no partial final judgment is necessary.

**IT IS SO ORDERED**.

Date: 9/27/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kenneth Rackemann
132668
Westville Correctional Facility
Electronic Service Participant – Court Only

Alex Maurice Beeman
Reminger Co. LPA (Indianapolis)
abeeman@reminger.com

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
Bleeke Dillon Crandall Attorneys
jeb@bleekedilloncrandall.com

Christopher Andrew Farrington
Bleeke Dillon Crandall Attorneys
drew@bleekedilloncrandall.com

Ronald A. Mingus
Reminger Co. Lpa (Indianapolis)
rmingus@reminger.com

Nathan Aaron Pagryzinski
Bleeke Dillon Crandall, P.C.
nathan@bleekedilloncrandall.com